**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KRISTEN RAMSEY** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NUMBER 22-634 (Civil)** |
| | § | |
| | § | |
| **JOHN MASTERS AND** | § | |
| **LARRY J. CRUTSINGER, JR. AND** | § | |
| **ANGELICA CRUTSINGER D/B/A** | § | |
| **CRUTSINGER FEED & FREIGHT** | § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND**
**APPLICATION FOR TEMPORARY RESTRAINING ORDER**
**AND REQUEST FOR TEMPORARY INJUNCTION**

Defendants John Masters and Larry J. Crutsinger, Jr. and Angelica Crutsinger D/B/A Crutsinger Feed & Freight ("Defendants", collectively, or "Defendant Masters" or "Defendant Crutsinger" as to the Crutsinger named Defendants) file their *Answer To Plaintiff's Original Complaint And Application For Temporary Restraining Order And Request For Temporary Injunction* and would show the following.

1.      The allegations contained in Paragraph I – Discovery, Subparagraph 1, of Plaintiff Kristen Ramsey's Original Complaint require no Answer as the allegations relate to the nature of the discovery control plan requested by Plaintiff in the underlying State District Court Action prior to removal.

2.      Defendants admit that Plaintiff Kristin Ramsey is a natural person as set forth in Paragraph II – Parties, Subparagraph 2, of Plaintiff Kristen Ramsey's Original Complaint. Based upon information and belief, Defendants admit that Plaintiff Kristin Ramsey is a resident of New Braunfels, Comal County, Texas at times relevant to the occurrence made the basis of this lawsuit and at the present time.

3.      Defendants admit the allegations contained in Paragraph II – Parties, Subparagraph 3, of Plaintiff Kristen Ramsey's Original Complaint.

4.      Defendants admit the allegations contained in Paragraph II – Parties, Subparagraph 4, of Plaintiff Kristen Ramsey's Original Complaint.

5.      Defendants admit the allegations contained in Paragraph III – Venue, Subparagraph 5, of Plaintiff Kristen Ramsey's Original Complaint.

6.      Defendants admit that on or about May 10, 2022, Plaintiff Kristen Ramsey and Defendant Masters were involved in a vehicle collision in the 4100 block of Loop 337 in New Braunfels, Comal County, Texas and that at the time of the occurrence made the basis of this lawsuit, Defendant Masters was employed by Defendant Crutsinger. The remainder of the allegations set forth in Paragraph IV – Facts, Subparagraph 6, of Plaintiff's Original Complaint are denied.

7.      Defendants admit the allegations contained Paragraph V – Agency And Respondeat Superior, Subparagraph 7, of Plaintiff Kristen Ramsey's Original Complaint.

8.      Defendants admit the allegations contained Paragraph V – Agency And Respondeat Superior, Subparagraph 8, of Plaintiff Kristen Ramsey's Original Complaint.

9.      Defendants admit that Defendant Masters was employed by Defendant Crutsinger at the time of the occurrence made the basis of this lawsuit. Unless admitted, remaining allegations and legal conclusions contained in Paragraph V – Agency And Respondeat Superior, Subparagraph 9, of Plaintiff Kristen Ramsey's Original Complaint are denied.

10.     Defendants admit that Defendant Crutsinger operated from time to time as an interstate motor carrier. Unless admitted, allegations and legal conclusions contained in Paragraph V – Agency And Respondeat Superior, Subparagraph 10, of Plaintiff Kristen Ramsey's Original Complaint are denied.

11.     Allegations contained in Paragraph V – Agency And Respondeat Superior, Subparagraph 11, of Plaintiff Kristen Ramsey's Original Complaint are legal conclusions and pertain to matters in issue; thus, the same are denied.

12.     Allegations in Paragraph VI - Negligence, Subparagraph 12, of Plaintiff Kristen Ramsey's Original Complaint call for a legal conclusion, pertain to matters in issue, and, accordingly, are denied.

13.     Allegations in Paragraph VI - Negligence, Subparagraph 13, of Plaintiff Kristen Ramsey's Original Complaint call for a legal conclusion and pertain to matters in issue. The allegations, accordingly, are denied.

14.     Defendants deny the allegations in Paragraph VI - Negligence, Subparagraph 14, of Plaintiff Kristen Ramsey's Original Complaint.

15.     Defendants deny the allegations in Paragraph VI - Negligence, Subparagraph 15, of Plaintiff Kristen Ramsey's Original Complaint.

16.     Defendants deny the allegations in Paragraph VI - Negligence, Subparagraph 16, of Plaintiff Kristen Ramsey's Original Complaint.

17.     Defendants deny the allegations in Paragraph VI - Negligence, Subparagraph 17, of Plaintiff Kristen Ramsey's Original Complaint.

18.     Defendants deny the allegations in Paragraph VI - Negligence, Subparagraph 18, of Plaintiff Kristen Ramsey's Original Complaint.

19.     Defendants deny the allegations in Paragraph VI - Negligence, Subparagraph 19, of Plaintiff Kristen Ramsey's Original Complaint.

20.     Defendants deny the allegations in Paragraph VI - Negligence, Subparagraph 20, of Plaintiff Kristen Ramsey's Original Complaint.

21.     Defendants deny the allegations in Paragraph VII - Damages, Subparagraph 21, of Plaintiff Kristen Ramsey's Original Complaint.

22.     Defendants deny the allegations in Paragraph VII - Damages, Subparagraph 22, of Plaintiff Kristen Ramsey's Original Complaint.

23.     Defendants deny the allegations in Paragraph VII - Damages, Subparagraph 23, of Plaintiff Kristen Ramsey's Original Complaint.

24 - 38.     Defendants deny the allegations in Paragraphs 24 – 38 relating to Plaintiff Kristen Ramsey's Application For Temporary Restraining Order And Injunction as set forth in Subparagraphs 24 – 38 of Plaintiff Kristen Ramsey's Original Complaint. Moreover, Defendants would show that party vehicles were presented for inspection by party experts on or about June 07, 2022.

39.     Allegations contained in Paragraph VIII – Conditions Precedent, Subparagraph 39, of Plaintiff Kristen Ramsey's Original Complaint relate to procedural protocol and/or require further discovery,  and/or require no answer at this time.

40.     Allegations contained in Paragraph IX – Requests For Disclosure, Subparagraph 40, of Plaintiff Kristen Ramsey's Original Complaint relate to a State District Court discovery issue and require no answer at this time. For further response, please see Parties' Joint Federal Rule 26(f) Report filed among the papers of this cause on July 22, 2022, as Document 9 – Response to Question 5.

41.     Defendants have no objection to Plaintiff's Demand For Jury Trial as set forth in Paragraph X – Request For Jury Trial, Subparagraph 41, of Plaintiff Kristen Ramsey's Original Complaint. Defendants also demand a trial by jury.

42.    Defendants deny that Plaintiff is entitled to relief as set forth in the Prayer of Plaintiff Kristen Ramsey's Original Complaint.

## AFFIRMATIVE DEFENSES

43.    Defendants assert they breached no duty to Plaintiff Kristen Ramsey.

44.    Defendants assert that the occurrence made the basis of this lawsuit was in no way foreseeable or legally anticipated.

45.    Defendants assert that the occurrence made the basis of this lawsuit was caused in whole or in party by the acts or omissions of individuals, entities, third parties, instrumentalities, or circumstances over whom or which Defendants had no control or legal responsibility.

46.    Defendants plead intervening cause and/or superseding intervening cause.

47.    Defendants assert that they had no actual knowledge of the alleged danger or alleged condition that allegedly resulted in Plaintiff's injuries and damages.

48.    Defendants assert that the occurrence made the basis of this lawsuit was unavoidable and/or the result of sudden emergency.

49.    Defendants invoke the provisions of Chapter 32 and Chapter 33 of the Texas Civil Practice & Remedies Code, to the extent applicable.

50.    As might be developed through investigation and discovery, Defendants assert the precautionary defenses of contributory negligence on the part of Plaintiff, and/or negligent acts and omissions on the part of Plaintiff, including failing to maintain a proper lookout, failing to be attentive to attendant circumstances, last clear chance, and/or other ways that will be proven at the trial of this cause.

51.    Defendants assert the defense of pre-existing injury and/or medical condition, as might be developed by further investigation and discovery.

52.     Defendants plead credit or offset of any payment that Plaintiff might receive regarding this lawsuit or settlement that Plaintiff might enter into with any known or unknown party.

53.     In accordance with the provisions of §41.0105 of the Texas Civil Practice & Remedies Code, Defendants ask that evidence concerning economic damages be limited to the amount paid or incurred by or on behalf of Plaintiff, as set forth in §41.0105 of the Texas Civil Practice & Remedies Code.

54.     The occurrence made the basis of this lawsuit is a recent event and discovery is only in its infancy. Factual and expert investigation is ongoing, and as of this date, discovery has not commenced beyond initial disclosures that are due by agreement of the parties on July 29, 2022. Defendants anticipate that defenses and claims will be refined and confirmed once the facts of this lawsuit are developed. Defendants, therefore, reserve the right to seek leave of court to amend or supplement their Answer as investigation and discovery in this matter move forward and/or as justice and equity might otherwise dictate.

## DEMAND FOR JURY TRIAL

55.     Defendants demand a trial by jury.

## PRAYER

56.     Wherefore, premises considered, Defendants John Masters and Larry J. Crutsinger, Jr. and Angelica Crutsinger D/B/A Crutsinger Feed & Freight pray that upon trial of this cause that the matter be dismissed in its entirety and/or judgment be entered in favor of Defendants and against Plaintiff Kristen Ramsey; that Defendants be awarded their costs of court and attorney's fees in the event of appeal and/or as might otherwise be allowed by law; and/or Defendants be awarded

such other and further relief on any nature whatsoever this Court might deem just, equitable, appropriate or necessary.

Respectfully submitted,

/s/ Patricia Kay Dube, P.C.
John Holman Barr
State Bar Number 01798700
**Patricia Kay Dube, P.C.**
**State Bar Number 06144400**
M. Forest Nelson
State Bar Number 14904625
E-Mail:        jbarr@bbarr.com
**E-Mail:        pkdube@bbarr.com**
E-Mail:        fnelson@bbarr.com

OF COUNSEL:
Burt Barr & Associates, LLP
P.O. Box 223667
Dallas, Texas 75222-3667
203 East Colorado Blvd.
Dallas, Texas 75203
Telephone:        (214) 943-0012
Facsimile:        (214) 943-0048

COUNSEL FOR ALL DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of July of 2022, I electronically submitted the foregoing document to the clerk of the United States District Court for the Western District of Texas, using the Court's electronic filing system (CM/ECF). In addition, this is to certify that I have served counsel of record electronically via the Court's electronic filing system and/or by another manner authorized by Rule 5 (b-2) of the Federal Rules of Civil Procedure as set forth below:

Paula A. Wyatt, Esq.
Louis Durbin, Esq.
Gavin McInnis, Esq.
Thomas Kocurek, Esq.
Louis Durbin, Esq.
Wyatt Law Firm, PLLC
21 Lynn Batts Lane, Suite 10
San Antonio, Texas 78218
Telephone:       (210) 340-5550
Facsimile:        (210) 340-5581
E-Mail:             e-serve@wyattlawfirm.com

COUNSEL FOR PLAINTIFF

/s/ Patricia Kay Dube, P.C.
Patricia Kay Dube, PC